1                   UNITED STATES DISTRICT COURT

2                 EASTERN DISTRICT OF NORTH CAROLINA

3                                )
      UNITED STATES OF AMERICA,   )
4                                )   DOCKET NO. 7:20-cr-00167-M-3
                      Plaintiff,  )
5                                )
      vs.                         )
6                                )
      JORDAN DUNCAN,              )
7                                )
                      Defendant.  )
8     _____

9              TRANSCRIPT OF RULING ON DETENTION HEARING
               BEFORE MAGISTRATE JUDGE JAMES E. GATES
              WEDNESDAY, DECEMBER 10, 2020; 10:56 AM
10                    RALEIGH, NORTH CAROLINA

11    FOR THE PLAINTIFF:
             United States Attorney's Office - EDNC
12           By:  Barbara D. Kocher, AUSA
             150 Fayetteville Street
13           Suite 2100
             Raleigh, NC 27601
14

15    FOR THE DEFENDANT:
             Tarlton Polk, PLLC
16           By:  Raymond C. Tarlton, Esq.
             209 Fayetteville Street
17           Suite 105
             Raleigh, NC 27601
18

19    Audio Operator:                   CLERK'S OFFICE

20
                              eScribers, LLC
21                          7227 N. 16th Street
                               Suite 207
22                          Phoenix, AZ 85020
                             973-406-2250
23                          www.escribers.net

24    Proceedings recorded by electronic sound recording; transcript
                  produced by transcription service.
25

1                    I N D E X

2    RULINGS:                                      PAGE   LINE
     Government motion for detention is granted.     4      8
3    Government motion for exhibits to remain under  13     6
     seal until 4 o'clock 12/11/20 is granted.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Colloquy

1                    P R O C E E D I N G S

2          THE CLERK:  This court is now in session.  The

3    Honorable Judge James E. Gates is presiding.  Be seated and

4    come to order.

5          THE COURT:  Good morning, folks.

6          MR. TARLTON:  Good morning, Your Honor.

7          MS. KOCHER:  Good morning, sir.

8          THE COURT:  Before we turn to the Duncan matter, let

9    me refer to the case of United States v. Eric Alexander Glenn

10   (ph.).

11      (Discussions off the record)

12         THE COURT:  Very well, that takes us then to the

13   Duncan matter.  This is the case of United States v. Jordan

14   Duncan.  We had a -- it's really a continuation of the

15   detention hearing in that proceeding.  The evidence and

16   argument was presented yesterday, and the purpose of the

17   proceeding today is for the Court to announce its ruling with

18   respect to the Government's motion for detention.

19         Let me note that I have reviewed carefully the

20   evidence and argument that's been presented, and that did

21   include review of the case law that defense counsel cited in

22   his argument, the Brandenburg case, the Hess case, the NAACP

23   v. Claiborne Hardware case, as well as the U.S. v. Rundo case

24   out of the Central District of California and the specific

25   order that I believe counsel had reference to, it's not

Colloquy

1    published to my knowledge.  He gave a Pacer cite, which was

2    very helpful.  It was accurate.  It's at docket entry 145.

3    There's a related order at docket 151, but the order that I

4    believe Mr. Tarlton was referring to is at docket entry 145.

5    And I did review all of that material.

6         Very good.  Based on the record developed before me,

7    I believe the law requires me to allow the Government's motion

8    for detention.  I do so, finding that the Government has shown

9    by clear and convincing evidence that there's no condition or

10   combination of conditions that would reasonably assure the

11   safety of any other person in the community, and that by a

12   preponderance of the evidence there's no condition of

13   combination of conditions that would reasonably assure the

14   appearance of the defendant as required.

15        Mr. Duncan, sir, my ruling does not affect the

16   presumption of innocence which you will continue to enjoy at

17   the trial in your case.

18        On a motion such as this, the Court is required to

19   consider certain specific factors, and the Court has

20   considered the factors the law requires it to consider.  One

21   is the weight of the evidence, and I believe that the

22   Government does have a strong case against you.  And I say

23   that recognizing that the Government presented a lot of

24   evidence relating to other defendants in this case, that while

25   you -- the evidence depicted you as having a role in this

1    alleged conspiracy, I wouldn't say the evidence shows you were

2    the leader of the conspiracy by any means.  And again, much of

3    the evidence related to other defendants.

4          I'm also very sensitive to the First Amendment

5    concerns that are the subject of the case law that I

6    referenced, and that your very able counsel laid out in his

7    argument.  And notwithstanding that, and of course, I'm not

8    here on a motion to dismiss the indictment or anything.

9    That's further down the road, which was an issue in some of

10   the case law that was presented.

11         I do think the Government has presented enough

12   evidence to obtain a conviction.  And you did have a role, and

13   a specific role that was pointed to in the evidence was

14   vetting new members to the conspiracy.  There was evidence of

15   that pallet, which was intercepted, I realize, but a pallet of

16   equipment that was headed theoretically or seemed to be -- the

17   evidence was it was headed your way, but it was intercepted.

18   And there was other evidence tying you in specifically with

19   this illicit manufacture of firearms.  And so I think the

20   Government does have enough evidence to obtain a conviction.

21         Regarding the nature and circumstances of the offense

22   involved here, I've touched on some of this, but I think the

23   evidence showed, even though while you were not the leader of

24   this conspiracy, you did have significant involvement in it.

25   You were not a simple bystander.  There was meaningful

1    involvement by you in it.

2        And without looking at the -- really the underlying

3    beliefs that motivate or the foundation of the ideology that

4    is part of this -- that relates to the conspiracy, one can't

5    help but note it was -- it's a -- there's a violence to it,

6    very anti-government, anti the federal government specifically

7    to it.  Irrespective of the bases for that view there was

8    training that was intended to seemingly prepare readiness to

9    actually engage in violent conduct.  There was a plan to -- a

10   strategy, an overall strategy to do that.

11       There were materials that you had.  It was described

12   as, I believe, a library on destructive devices, including

13   information on chemical weapons, military manuals that the

14   testimony was that you probably should not have had, certainly

15   should not be using, in connection with the conspiracy.

16       I note too that just as a -- and a lot of these

17   considerations obviously relate directly to the risk of danger

18   that's presented here.  And I would include in that

19   information in the chats that was presented where there was a

20   seeming endorsement by you of violent conduct.

21       And then I do note I don't want to -- I don't want to

22   overstate the significance of this, but you did move from San

23   Antonio to Boise, which became -- Mr. Kryscuk was already

24   there, I believe.  This activity really obtained a focus in

25   Boise, and you moved from San Antonio to Boise.  I know you

1  had work in Boise, but you did make that move.  That's a

2  significant move, obviously.

3          In addition, your roommate was another person

4  involved in this, another defendant, a codefendant and a co --

5  alleged coconspirator.  And I just say those things to -- I

6  think that is some evidence of the depth of your involvement

7  in this activity.

8          Regarding -- well, and I guess in connection with

9  this -- this bleeds really into your history and

10  characteristics.  But I note that at the time of your arrest,

11  I believe, it was found that you had a false ID, you had a DOD

12  passport that, according to testimony here, you really should

13  not have had, and that -- and obviously those matters relate

14  specifically to flight risk.

15          Also bearing on flight risk is your background in

16  intelligence and communications, because it would seem that

17  that capability could be used to facilitate flight.  You also

18  are out of the Marine Corps, and I think some of those skills

19  could obviously be used to facilitate flight.  They also

20  present a risk of danger to the extent that you elected to

21  engage in violent conduct.

22          There was also testimony to the effect that you

23  likely had not been candid in forms that were completed

24  relating to your security clearance, that had you been candid

25  in those forms, you would -- your security clearance would

1    have been removed or canceled, whatever the proper term would

2    be.  And that's also of concern, lying to the government, to

3    authorities could also be used to facilitate flight and

4    represents also a potential danger.

5           Regarding the nature and seriousness of the danger

6    posed by your release, there's an obvious danger to some

7    degree of participation in violent anti-government conduct.

8           Regarding the suitability of your father -- of that

9    custodial arrangement with your father, your father's

10   obviously a suitable custodian.  I think there's several

11   things that contribute to this not being an adequate

12   arrangement.  I mean, most fundamentally, I think the risk of

13   flight and danger here is too great to make that a reasonable

14   alternative.

15          But I do make note as well that according to the

16   record before me you had effectively hid this side of your

17   life, your involvement -- seemingly deep involvement in this

18   conspiracy, your seemingly deep commitment to this anti-

19   government view.  And being anti-government is not a problem.

20   But in assessing danger, the commitment to participate in

21   violence is relevant, it seems to me, with respect to the risk

22   of danger.  And there seems -- this record suggests there's a

23   real commitment on your part to that.

24          In any event, you effectively hid this side of your

25   life, your involvement in these views that you seemingly have

1    and participation in related activities.  Hid that from your

2    father, I assume your mother as well, because he said he was

3    unaware of it and was learning a lot of it for the first time

4    in the courtroom.  Also it's not ideal that the proposed

5    custodial home would be a long distance from our court here,

6    because obviously travel of that length would present

7    opportunities to flee.

8          And of course, a factor if I haven't made it clear

9    with respect to flight is that the strong -- the seemingly

10    strong anti-governmental -- anti-federal-government views

11    would seemingly give somebody an incentive to avoid being

12    subject to jurisdiction by that government as to which the

13    person has a strong antipathy, and for whatever reason.  The

14    Court isn't looking at the basis for that antipathy, it's the

15    fact of it that is of concern.  And the flight -- I do believe

16    that raises the risk of flight to avoid being subject to the

17    jurisdiction of that system that the person is so strongly

18    opposed to.

19          I've considered the mitigating factors cited by your

20    counsel, the fact that a job would be available to you.  I

21    think a legitimate concern raised by the Government was

22    internet access.  The argument was made without contradiction

23    that that job would involve access to the internet, and the

24    Government expressed concern about that.  And I would share

25    that concern in light of your capabilities with respect to

Colloquy

1    internet activity gained through your specialization in the

2    military in communications and intelligence.  And that could

3    be exploited to facilitate flight and perhaps participate in

4    violent activity.

5            And with respect to flight, let me just note this

6    additional thought that there seemingly, based on this

7    record -- there are others out there, notwithstanding that I

8    realize this -- indictments against other folks, but certainly

9    the -- I think implicit at least in the testimony was that

10   there are others who share this view.  And that provides a

11   potential community of folks, perhaps nationwide, that could

12   be turned to, to facilitate flight.  And that is of concern to

13   the Court.

14           I make note of the argument by your counsel that the

15   maximum punishment statutorily is five years, and of course,

16   with time off for good behavior it would be somewhat less than

17   that.  I've considered that.  I still think that's -- to be

18   imprisoned for up to -- even just short of five years, over

19   four years is still a long time, even for a younger person.

20   And I think that would provide some incentive to flee.

21   Certainly we see longer potential sentences and certainly

22   mandatory minimums that are longer in cases.  But still, it's

23   not a matter of months, of less than a year.  It's not a

24   misdemeanor.  It's a felony, so it's potentially a matter of

25   years.

Colloquy

1            As I noted at the outset, I have considered your

2     First Amendment rights throughout my analysis.  The case law I

3     would add, is the point made by the Government.  They don't

4     deal with detention.  Those cases don't deal with detention

5     hearings, and the assessment of flight risk and danger.  But I

6     have considered your First Amendment rights throughout,

7     including but not limited to in connection with the weight of

8     the evidence against you.

9            I'm aware that the probation office recommended

10    release, and I did consider that.  The probation office does

11    not have the benefit of the full exposition of the evidence

12    that a hearing provides.  That's one reason why we hold

13    hearings, but I did certainly consider its recommendation.

14           I do want to commend counsel for their excellent

15    presentations with respect to this case.

16           Mr. Tarlton, anything further on behalf of Mr. Duncan

17    for today?

18           MR. TARLTON:  Thank you, Your Honor.  Nothing further

19    at this point in time, Your Honor.

20           THE COURT:  Okay.  Thank you, sir.

21           Ms. Kocher, ma'am, anything further for the

22    Government at this time?

23           MS. KOCHER:  Your Honor, I do have two -- one request

24    and one notice to the Court.  The disk that was submitted as

25    Exhibit 7, excuse me, Your Honor.

Colloquy

1       THE COURT:  Yes, ma'am.

2       MS. KOCHER:  Was password protected, and I failed to

3  think about that yesterday.  I have provided the password to

4  the Court this morning.

5       THE COURT:  Oh thank you.

6       MS. KOCHER:  But I will also, and in conjunction with

7  defense counsel, we'll provide an open disk for the record.

8       THE COURT:  Very well.

9       MS. KOCHER:  At a later time, and I'll exchange that.

10  My request is if the Court would allow the exhibits submitted

11  yesterday to remain sealed through the end of the day

12  tomorrow, perhaps, to let me make certain that they are in

13  full compliance with the rule and local rule in regard to

14  personally identifying information therein and redact anything

15  necessary.  And again, I have spoken with counsel about that

16  and would submit first to them the proposed redactions, and

17  they would only be related to the types of subjects that,

18  before they become public, the Court would want --

19       THE COURT:  Okay.  Is it satisfactory, Ms. Kocher,

20  for me to direct that they'll remain under seal until tomorrow

21  at 5?  Well, let's not say 5.  I don't to keep people here

22  late that they wouldn't otherwise have to.  Let's say 4

23  o'clock, and then at that point, if the Government does not

24  file a motion seeking permanent sealing and redacted copies,

25  then they will be unsealed without further order of the Court.

Colloquy

1          MS. KOCHER:  And I would file a notice either way,
2    Your Honor.
3          THE COURT:  Okay, that would be great.
4          MS. KOCHER:  To not keep -- yes.
5          THE COURT:  Okay.  Well, I so direct.
6          MS. KOCHER:  Thank you, sir.
7          THE COURT:  And Mr. Tarlton, counsel indicated you
8    had no objection to that?  Let me just clarify.
9          MR. TARLTON:  No objection, Your Honor.
10          THE COURT:  Okay, very good.  Thank you, sir.
11          Very good.  Well, at this time, I remand Mr. Duncan
12    to the custody of the United States Marshal pending further
13    proceedings in this case.
14                    (Court is adjourned)
15                     *  *  *  *  *
16
17
18
19
20
21
22
23
24
25

1                    CERTIFICATE OF TRANSCRIBER

2

3              I, Tamara Bentzur, court-approved transcriber, in and

4      for the United States District Court for the Eastern District

5      of North Carolina, do hereby certify that pursuant to Section

6      753, Title 28, United States Code, that the foregoing is a

7      true and correct transcript from the official electronic sound

8      recording of the proceedings held in the above-entitled matter

9      and that the transcript page format is in conformance with the

10     regulations of the Judicial Conference of the United States.

11

12              Dated this 12th day of January, 2021.

13

14                  /s/ *Tamara Bentzur*

15     _____

16     TAMARA BENTZUR, CET-824

17     COURT-APPROVED TRANSCRIBER

18

19

20

21

22

23

24

25