UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO.: 7:20-CR-00167-M-3

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JORDAN DUNCAN | MOTION FOR REASONABLE ACCESS TO ELECTRONIC DISCOVERY WHILE INCARCERATED |

The Defendant, Jordan Duncan, through undersigned counsel, asks this Honorable Court to grant an order authorizing Mr. Duncan, who is detained in the New Hanover County Jail, to have access to a computer and external data storage drives that connect to the computer that are needed for him to assist in his defense and meaningfully review the voluminous electronic discovery in this case. Mr. Duncan moves this Court under Fed. R. Crim. P. 16, and the Fifth and Sixth Amendments rights to due process and effective representation.

On August 18, 2021, the Government brought a third superseding indictment that enlarged the substantive charges and sentencing exposure, namely brining an accusation that there was a conspiracy to destroy an energy facility. This was in addition to the original conspiracy to manufacture and sell firearms without a license charge that invoked as a purpose of the conspiracy an effort to violate the civil disorders act. While not formally charged with sedition, that is the thrust of the Government's broader accusations against Mr. Duncan and his co-defendants, which make this an extended and complex case. The Government still contends as well that an external

1

hard-drive seized from an apartment in Idaho in connection with this case possibly contains classified information.

Having access to a secure computer (and related discovery hard-drives) while detained under the ultimate custody of the U.S. Marshall's Office will enable Mr. Duncan to spend around 8 hours a day to review everything that has been produced by the Government and then assist the undersigned in preparing Mr. Duncan for a potential trial in this case. It is not practical for the undersigned to drive from Raleigh, NC to the New Hanover County Detention Center on a daily, or near daily, basis to review all of the electronic evidence in this case (where there has been at least 8 discovery productions by the Government).

The Fifth Amendment guarantees that incarcerated people facing charges have reasonable access to the courts. *Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). Further, the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel, *Strickland v. Washington*, 430 U.S. 816, 821 (1977), which implicitly includes the right to meaningful access to counsel. "This means that inmates must have a reasonable opportunity to seek and receive the assistance of attorneys," and, therefore, "[r]egulations and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts are invalid." *Procunier*, 416 U.S. at 419 (citation omitted).

Currently, the New Hanover County Detention Center does not provide Mr. Duncan, who was detained on the Government's motion after a contested hearing and appeal in this Court, with access to a computer that can be used to review the voluminous electronic discovery in this complex and extended case. However, the undersigned and their office have contacted the U.S. Marshall's office and believe that that office is able to effectuate a setup of a secure computer for

2

discovery review with a court order. Additionally, at least one court has authorized defense counsel to even procure a computer with CJA funds for such a purpose to provide to the detention center and with a directive to the Government to cooperate in loading the computer with the discovery or providing copies of it onto external hard-drives that can be attached to the computer in this detention center for the defendant to engage in discovery review. *See, e.g., United States v. Bazemore*, 22 Cr 234 (NSR)-01 (S.D.N.Y. Nov. 9, 2022). Another court authorized CJA funding for a third-party digital forensics provider to assist in setting up a secure computer for discovery review by a pre-trial detainee, which the undersigned believes they can line up in this case. *United States v. Copeland*, 21 Cr. 521 (KMK) (S.D.N.Y. Dec. 12, 2022)

For these reasons, Mr. Duncan respectfully requests that this Court issue an order allowing Mr. Duncan to have access to a computer, and any needed external hard-drives, while detained for the sole purpose of reviewing the electronic discovery in this case and assisting the undersigned in preparing his defense. Additionally, Mr. Duncan should be allowed up to 8 hours a day while detained for computer-based discovery review.

Respectfully submitted, this the 14th day of January, 2023.

TARLTON LAW PLLC

/s/ Raymond C. Tarlton
RAYMOND C. TARLTON
Attorney for Defendant
Post Office Box 91624
Raleigh, NC 27675
Telephone: 919.390.1278
Fax: 919.246.6145
E-mail: ray@tarltonfirm.com
N.C. State Bar No. 38784

*Designation: CJA Appointed*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date shown below, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to Assistant United States Attorney Barbara Kocher.

This the 14th day of January, 2023.

/s/ Raymond C. Tarlton
Raymond C. Tarlton