UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:20-CR-167-3-M

| UNITED STATES OF AMERICA | RESPONSE TO GOVERNMENT'S |
| v. | MOTION TO SET TRIAL AND DEADLINES |
| JORDAN DUNCAN | |

The undersigned, on behalf of Defendant JORDAN DUNCAN, responds to the Government's motion to set trial and deadlines, consenting in part and objecting in part.

Mr. DUNCAN consents to the pre-trial motions deadline of June 5, 2023 and the date for corresponding responses. Beyond these deadlines, Mr. DUNCAN objects to the dates laid out in the Government's motion. In support:

1. Though the Government "believes a trial date certain" would increase efficiency, setting these deadlines allows for no flexibility or stock-taking after pretrial motions, and would only serve to prejudice Mr. DUNCAN.

2. Federal Rule of Criminal Procedure 16.1(a) anticipates that deciding the timetable and procedures for pretrial disclosure will occur after the arraignment. This assumption is a sensible one, as it allows for both parties and the court to take stock of any developments due to any pretrial motions, including potentially dispositive motions. Indeed, Federal Rule of Criminal Procedure 16.1(b) requires that parties make any request to the court to determine the time of disclosure to occur **after** the discovery conference, which is anticipated by 16.1(a) as being after the arraignment.

3. The proposed date for initial experts is 105 days before trial. Federal Rule of Criminal Procedure 16(b)(1)(c)(ii) requires the court to set a time for expert disclosures "sufficiently

before trial" to provide a fair opportunity for the government to meet the evidence. In the government's proposed timetable, this deadline far exceeds the sufficiency standard required.

4. The proposed date for motions *in limine* is 45 days before trial. This again exceeds any reasonable degree of sufficiency and would only serve to prejudice Mr. DUNCAN.

5. The Government has not yet created a structure for access to purported classified material on a seized hard drive, so it is difficult for Mr. DUNCAN to consent to any timelines before knowing the full scope of potential discovery.

6. The court, and parties, will be in a much clearer position as to the required deadlines after any pretrial motions are filed and decided. A status conference once pretrial motions are decided would be the best vehicle for scheduling.

For these reasons, the undersigned, on behalf of Mr. DUNCAN respectfully requests that this Court only adopt the Government's proposed deadlines for the pretrial motions and appropriate responses.

Respectfully submitted, this the 27th day of March, 2023.

TARLTON LAW PLLC

/s/ Raymond C. Tarlton
Raymond C. Tarlton
Attorney for Defendant
N.C. State Bar # 38784
ray@tarltonfirm.com

P. O. Box 91624
Raleigh, NC 27675
919-390-1278 (TEL)
919-400-4200 (FAX)

*Designation: CJA Appointed*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the date shown below, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to Assistant United States Attorney Barbara D. Kocher.

      This the 27th day of March, 2023.

/s/ Raymond C. Tarlton
Raymond C. Tarlton