UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:20-CR-167-M-3

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JORDAN DUNCAN | **RESPONSE TO DEFENDANT'S MOTION TO REVEAL THE IDENTITY OF THE CONFIDENTIAL INFORMANT [D.E. 322]** |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to Defendant's motion to reveal the identity of the confidential informant. For the reasons set forth below, the Court should deny the motion.

BACKGROUND

On August 18, 2021, a Grand Jury charged Defendant with conspiracy to manufacture firearms and to ship firearms interstate without a license, in violation of 18 U.S.C. 371 (Count One) and conspiracy to destroy an energy facility (Count Five). D.E. 149. Count One charges that beginning in or about June 2019, and continuing to the present, Defendant did conspire with others to willfully and knowingly, without a license, engage in the business of manufacturing firearms and in the course of such business to ship, transport, and receive a firearm in interstate commerce. Count Five charges that beginning in or about June 2019, and continuing to the present, Defendant did conspire with others to willfully and knowingly, damage

1

and attempt to damage the property of an energy facility of the United States involved in the transmission and distribution of electricity.

As revealed in discovery, in April 2020, a Cooperating Witness (CW) reported Collins had discussed selling "illegal guns" in the past and was known to openly express racist ideology. The CW expressed to Collins that he/she planned to use Covid-19 stimulus money to purchase a Glock handgun from a store in Jacksonville, NC. Collins advised the CW that they should instead purchase a Glock 19 with no serial number and a silencer through an individual that Collins knows. Collins informed CW that the purchase price would be $1500, provided the CW a video of a pistol and working silencer being fired into the ground at an unidentified location and Collins provided a screenshot of the Venmo account to which the money would be sent for the pistol and silencer the CW was to purchase from Collins. The account was saved as "@P-James, Kryscuk James" under a contact card labeled as "Deacon" in the phone belonging to Collins.

During the audio- and video-recorded meeting in which the CW transferred the controlled funds to Collins, Collins utilized a direct bank transfer to send the money to another active duty Marine, co-defendant Justin Hermanson. Hermanson then sent the money to Kryscuk via Venmo. Kryscuk transferred the money from his Venmo account to his personal bank account. Shortly after receiving the money, Kryscuk began making purchases from vendors known to sell devices called solvent traps that are easily modified using a drill press to make working silencers. The items available from these vendors are consistent with what is visible in the video provided

2

to the CW by Collins of Kryscuk firing a pistol and silencer. Information provided by the United States Postal Inspection Service (USPIS) indicates Kryscuk received items from these vendors at his home located at 3897 S. Yorktown Way, Boise, ID on April 30, 2020.

On June 19, 2020, Collins utilized Wire to direct the CW to meet with Hermanson in order to receive the pistol and silencer ordered through Kryscuk. Law enforcement conducted a controlled meeting between Hermanson and the CW shortly after the meeting was coordinated by Collins on June 19, 2020. The CW was provided Hermanson's Wire username by Collins. Hermanson then utilized Wire to coordinate the time and location of the meeting with the CW. During the meeting, Hermanson acknowledged the meeting was coordinated by Collins and told the CW he also had a similar pistol and silencer. The pistol and silencer provided to the CW were recovered and examined. The pistol and silencer were identified as the same items intercepted and documented on June 16, 2020. The pistol and silencer Hermanson stated he possessed are believed to be the pistol and silencer discovered subsequent to the June 10, 2020 search warrant.

On August 17, 2020, information indicated Kryscuk utilized the Corcoran alias to send shipments to TC in Rhode Island and to a recipient labeled as "Jerry Seinfield" in San Antonio, TX on May 13, 2020. Venmo records show financial transactions consistent with other known transactions for silencers and pistols from TC and DUNCAN, who then lived in San Antonio, TX, to Kryscuk on April 25, 2020.

On August 20, 2020, the CW transferred Collins $2,200.00 for a short barrel rifle chambered in .300 Blackout ammunition and a silencer. Collins used Wire to provide the CW with pictures of examples of what was available and to discuss the price. The SBR and silencer were intercepted and seized by law enforcement on September 11, 2020.

The CW had no knowledge of persons involved other than COLLINS, and later was directed by COLLINS to HERMANSON as detailed above.

On August 22, 2023, Defendant filed a motion to reveal the identity of the confidential informant. D.E. 322.

ARGUMENT

The Supreme Court first recognized the "informer's privilege" in 1957 stating:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with the enforcement of that law.... The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement.

Roviaro v. United States, 353 U.S. 53, 59 (1957). The informer's privilege is not absolute. Limits include "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of the accused, or is essential to the fair determination of a cause." Id. at 60-61. The Court did not announce a fixed rule, but rather called for a balancing of interests, "the public interest in protecting the flow of information, against the individual's right to prepare his defense." Id. at 62.

4

The Fourth Circuit has consistently held that the identity of a "mere tipster" need not be disclosed. United States v. Price, 783 F.2d 1132, 1138 (4th Cir. 1986). Nor is disclosure required where "the informant was used only for the limited purpose of obtaining a search warrant." United States v. Fisher, 440 F.2d 654, 656 (4th Cir. 1971). However, disclosure of an informant may be required in situations where the confidential informant is an "actual participant" in the crime. Price, 783 F.2d at 1138.

Some informants, like the case here, "fall[] in a middle ground between "participant" and "tipster" and the Court must undertake "a balancing of competing interests 'in light of the particular circumstances of the case.'" United States v. Mabry, 953 F.2d 127, 131 (4th Cir. 1991). Whether disclosure of an informant is "compelled is determined by the circumstances in each case, "taking into account the crime charged, and the possible defenses, the possible relevance of the informant's testimony, and other related factors." Id. at 132. Defendants have the burden to show they are entitled to disclosure and "must come forward with something more than speculation." United States v. D'Anjou, 16 F.3d 604, 609-10 (4th Cir. 1994) (citations and quotations omitted). Furthermore, "disclosure is not required despite the fact that a criminal defendant may have no other means of determining what relevant information the informant possesses. United States v. Smith, 780 F.2d 1102, 1108 (4th Cir.1985)

Here, Defendant speculates the "informant **could** have been a participant in the alleged conspiracies. At minimum, they were involved in, and **may** have induced, at the Government's direction, the purported sales of firearms without a license that

5

form the basis for the conspiracy charge in Count 1." D.E. 322 at 6 (emphasis added). Then Defendant declares "[t]his raises potential entrapment issues as well as traditional defense issues with investigating and analyzing the credibility and incentives of key witnesses."[1] The discovery provided the defendant is extensive and far-reaching, and the Indictment contains numerous Overt Acts in support of Count One – both consistently indicating that other than the above-recited facts, CW had no interaction with any of those charged in Count One. Moreover, the Defendant has not met his burden because he fails to "come forward with something more than speculation as to the usefulness of such disclosure." Smith, 780 F.2d at 1108. Therefore, his motion should be denied.

Alternatively, the Court should conduct an *ex parte in camera* examination to determine if the confidential informant's identity, or associated information, will produce relevant information requiring disclosure to Defendant. See Mabry, 953 F.2d at 132.

## CONCLUSION

For the reasons stated above, the defendant's motion to reveal the identity of the confidential informant (D.E. 322) should be denied. Alternative, the Court should hold an *in camera* review to determine if disclosure is appropriate.

---

[1] If the CW is to testify for the government, his identity would be disclosed in due course, along with the required criminal history and all applicable Giglio, Brady and Jencks material. The government assumes Defendant's motion is requesting disclosure whether or not CW is a government witness at trial.

Respectfully submitted, this 15th day of September, 2023.

MICHAEL F. EASLEY, JR.
United States Attorney

*/s/ Gabriel J. Diaz*
GABRIEL J. DIAZ
BARBARA D. KOCHER
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: 919-856-4326
gabriel.diaz@usdoj.gov
N.C. State Bar No. 49159
E-mail: barb.kocher@usdoj.gov
NC Bar: 16360

CERTIFICATE OF SERVICE

This is to certify that I have this 15th day of September, 2023, served a copy of the foregoing motion upon the Defendant by CM/ECF than will provide notice to defendant's attorney.

By: /s/ *Gabriel J. Diaz*
GABRIEL J. DIAZ
Assistant United States Attorney
Criminal Division
150 Fayetteville Street
Suite 2100
Raleigh, North Carolina 27601
Telephone: 919-856-4500
Email: gabriel.diaz@usdoj.gov

7