IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:20-cr-00167-M-3

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORDAN DUNCAN,

    Defendant.

ORDER

This matter comes before the court on the Defendant Jordan Duncan's ("Duncan") motions to separate trial [DE 319] and strike surplusage [DE 321]. For the following reasons, the court DENIES WITH PREJUDICE the motion to separate trial [DE 319] and DENIES WITHOUT PREJUDICE the motion to strike surplusage [DE 321].

## I. Motion to Separate Trial

Duncan asks this court to separate the trials of Counts One and Five because trying the two offenses together would insinuate that his motive for conspiring to manufacture and ship firearms was similar to that animating his conspiracy to destroy an energy facility. DE 319 at 5–7. He maintains that this insinuation would be unduly prejudicial if the two offenses are supposed to be separate and distinct conspiracies. *Id.* (stating that if the two offenses survive his double jeopardy plea, then they are "two wholly separate conspiracies" that "should be severed" to avoid spillover).

The alleged conspiracy offenses are sufficiently distinct for purposes of double jeopardy. But the double jeopardy analysis does not dictate the prejudicial joinder analysis. The former focuses on whether the two offenses require "proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The latter, in this instance, assesses

whether the offenses bear "the same or similar character" so as to render joinder logical and practical. *United States v. Hawkins*, 776 F.3d 200, 206 (4th Cir. 2015). As the United States correctly states, the offenses here share some of the same overt acts involving the same group of defendants motivated by the same political ideology during the same time period. *Compare* DE 149 ¶¶ 22, 23, 24(F)–(H), (J), *with id.* ¶¶ 29, 30, 31(B)–(D). Contrary to Duncan's assertion, the two conspiracies are not "wholly separate" in character so as to render joinder prejudicial under Fed. R. Crim. 14(a). Even if joinder presents a risk of prejudice, Duncan is not entitled to relief because he fails to address why curative measures such as limiting instructions would be ineffective in light of the risk of prejudice. *See United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

## II. Motion to Strike

Duncan asks this court to strike the allegation that he conspired to destroy an energy facility ultimately to "create[e] a white ethno-state," DE 149 ¶ 30. DE 321 at 5–6. He also seeks to strike the introductory allegations "relat[ing] to conversations and actions between co-conspirators before the conspiracy formed" and "mirror[ing] . . . the language of the overt acts." *Id.* at 6–8.

"[A] motion to strike surplusage from the indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (citation omitted). Duncan fails to explain why the challenged allegations are irrelevant and prejudicial, contending in conclusory fashion that they are either "highly prejudicial" or "not essential." *See* DE 321 at 5–8.

Based on a holistic examination of the allegations in the operative indictment, the court is unpersuaded at this stage of the proceedings that the challenged allegations are both irrelevant to

the pending charges and prejudicial to Duncan. Duncan may reiterate his request once the pending motions to suppress have been decided.

SO ORDERED this ___7th___ day of November, 2023.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE