IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:20-cr-00167-M-3

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | ORDER |
| JORDAN DUNCAN, | |
| Defendant. | |

This matter comes before the court on the Defendant Jordan Duncan's ("Duncan") motion to compel the government to reveal the identity of its cooperating witness [DE 322].

On August 18, 2021, Duncan was charged with conspiracy to manufacturer and ship firearms interstate without a license (count one) and conspiracy to destroy an energy facility (count five). His coconspirators included Liam Collins, James Kryscuk, and Justin Hermanson. Law enforcement developed a cooperating witness ("CW") to support the investigation of these charges. The CW was involved in several transactions of unlicensed firearms that were manufactured, sold, and shipped by Duncan's coconspirators. The CW corresponded with coconspirators Liam Collins and Justin Hermanson.

On August 22, 2023, Duncan moved this court to compel the government to produce the identity of the CW and any records relating to recruiting, using, and interacting with the CW. *See* DE 322. In the alternative, Duncan moves the court to review *in camera* the information requested to determine whether disclosure would be relevant and helpful to his defense. *See id.*

The United States argues Duncan has not met his burden to warrant disclosure because in its view Duncan simply "speculates" that disclosure would be useful to his defense. *See* DE 331

at 5–6. The United States also argues that the indictment and discovery show that the CW had "no interaction with any of those charged" except Collins and Hermanson. *Id.* In the alternative, the United States agrees with Duncan that the court should conduct an *in camera* examination of the requested information to determine whether the requested information will be relevant and helpful to the defense. *See id.* at 6.

"The informer's privilege, which protects a confidential informant's identity, is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information [about crimes] to law enforcement." *United States v. Bell*, 901 F.3d 455, 466 (4th Cir. 2018) (quoting *Roviaro v. United States*, 353 U.S. 53, 59 (1957)). The government may withhold the identity of a "mere tipster who only supplies a lead to law investigating and enforcement officers." *United States v. Price*, 783 F.2d 1132, 1138 (4th Cir. 1986) (quoting *McLawhorn v. North Carolina*, 484 F.2d 1, 5 (4th Cir.1973)). On the other hand, the government must disclose the identity an informant who was "an active participant in the events leading to the arrest of the accused." *Bell*, 901 F.3d at 466–67. When an informant "falls in a middle ground between 'participant' and 'tipster,'" disclosure of the requested information depends on whether the information "is relevant and helpful to the defense of the accused." *United States v. Mabry*, 953 F.2d 127, 132 (4th Cir. 1991) (quoting *Roviaro*, 353 U.S. at 60–61). An *in camera* examination generally "suffice[s] to indicate [whether] the informant would . . . have produced relevant information that would have assisted the defense." *Id.*

The CW is alleged to have participated in some of the conduct leading to indictment but appears to have had a tangential role in relation to the size and scope of the alleged conspiracy. In light of the parties' positions, the court GRANTS in part and DENIES in part Duncan's motion [DE 322]. The court ORDERS the United States to produce to the court for *ex parte* review the

2

requested information relating to the identity of the CW and any nonprivileged records relating to the government's recruitment, use, and interaction with that individual. After the court completes its examination, the court will require the United States to produce to Duncan any documents that are relevant and helpful to the defense.

SO ORDERED this 21st day of December, 2023.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3