UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:20-CR-167-M-3

| UNITED STATES OF AMERICA | |
|---|---|
| v. | **MOTION IN LIMINE** |
| JORDAN DUNCAN | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby files this motion in limine to exclude the defendant from attempting to 1) place in evidence, either through cross-examination of government witnesses or in their own case, self-serving exculpatory statements defendant may have made (Fed. R. Evid. 801 through 804); and, 2) argue to the jury (including during opening statement and closing argument) that the defendant's unlawful conduct is protected by the Constitution.

1. **Self-Serving Hearsay**

Inculpatory statements made by a defendant are admissions by a party-opponent, are not hearsay, and can be admitted against that party. *See*, Fed. R. Evid. 801(d)(2), United States v. Lentz, 524 F.3d 501, 526 (4th Cir. 2008), and United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996). However, there is no comparable exception to the hearsay rule for self-serving exculpatory statements sought to be introduced by the party who made them. Wilkerson at 696. The Fourth Circuit is clear that a defendant may not admit into evidence, through cross-examination of any officers or witnesses to the statements, that portion of their statement(s) that is self-serving, exculpatory hearsay. Id. This is true even where the government admits only portions of the statements, as the rule of

1

completeness does not offer an exception to the hearsay rule. Moreover, the rule of completeness does not apply to conversations, which might be the object of the defendant's attempts in this regard. Id. See also, Fed. R. Evid. 106, advisory committee notes. For this reason, the government requests an order disallowing the admission of self-serving, exculpatory hearsay by the defendant through cross-examination of government witnesses or examination of others in his own case.

**2. Arguments That Conduct Was Protected by the Constitution**

A district court has a duty to exclude evidence or argument regarding a legally insufficient defense. *See, e.g.,* United States v. Bailey, 444 U.S. 394, 416 (1980) ("it is a testament to the importance of trial by jury and the need to husband the resources necessary for that process by limiting evidence in a trial to that directed at the elements of the crime or at affirmative defenses"); United States v. Anderson, 872 F.2d 1508, 1516 n.12 (11th Cir. 1989) (evidence "based upon an invalid defense should be excluded because [it is] irrelevant as a matter of law to the charges in the indictment"); United States v. Montgomery, 772 F.2d 733, 736 (11th Cir. 1985) (same).

The Constitution, through the First or Second Amendment or elsewhere, provides no protection for the conduct, including speech, which evinces conspiring to commit offenses against the United States by agreeing, willfully and knowingly, to engage in the business of manufacturing firearms and in the course of such business to ship, transport, and receive any firearm in interstate commerce without a license to do so and to damage and attempt to damage the property of an energy facility of the United States involved in the transmission and distribution of electricity. Though perhaps motivated by political or religious beliefs, the defendant

2

Case 7:20-cr-00167-M    Document 382    Filed 02/02/24    Page 2 of 5

is charged with undertaking criminal activity which requires the government to prove a knowing affiliation with individuals possessing unlawful aims and goals and a specific intent and agreement to accomplish those goals. The Constitution does not provide a right to actively conspire to achieve one's aim by crime, regardless of whether it is to vindicate some broader politico-religious agenda. *See* United States v. Sattar, 314 F. Supp. 2d 279, 301 (S.D.N.Y. 2004); *see also* United States v. Lindh, 212 F. Supp. 2d 541, 579 (E.D. Va. 2002) (stating that "[t]here is . . . a clear line between First Amendment protected activity and criminal conduct for which there is no constitutional protection).

Precluding the defendant from invoking the Constitution as a defense – through evidence, cross-examination or argument of counsel – is not only required by precedent, but also is consistent with Fed. R. Evid. 403. Under Rule 403, even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or waste of time . . .." Allowing the defendant to propose that the Constitution provides a defense to these charges, on these facts, will confuse the jury into thinking that the defendant have been indicted merely for words and ideas, which of course they have not been. Moreover, concepts of free speech and association have deep resonance with Americans and great emotional and intellectual appeal. That is as it should be, but the defendant should not be allowed to wrap themselves in the cloak of the Constitution and invite the jury to acquit him – notwithstanding sufficient evidence of his guilt – to vindicate perceived constitutional rights. *See* United States v. Baptista-Rodriguez, 17 F. 3d 1354, 1363 (11th Cir. 1994) ("If the court determines that the defendant's proffered evidence is irrelevant or otherwise inadmissible, it should

3

issue a ruling *in limine* precluding the introduction of that information at trial.").

In further support, the defendant has fully litigated the application of the Second Amendment to his conduct and challenged the charge under the Fifth Amendment as well. D.E. 315 and 316. The Court determined the Second Amendment did not apply to the charged conduct and the challenged charge was not void under the Fifth Amendment. D.E. 356.

For these reasons, the defendant cannot invoke the Constitution as a defense to the charges against him, and any argument to that effect should be precluded.

Respectfully submitted, this 2nd day of February, 2024.

> MICHAEL F. EASLEY, JR.
> United States Attorney
>
> */s/ Barbara D. Kocher*
> GABRIEL J. DIAZ
> BARBARA D. KOCHER
> Assistant United States Attorneys
> 150 Fayetteville Street, Suite 2100
> Raleigh, NC 27601
> Telephone: 919-856-4326
> gabriel.diaz@usdoj.gov
> N.C. State Bar No. 49159
> E-mail: barb.kocher@usdoj.gov
> NC Bar: 16360

CERTIFICATE OF SERVICE

This is to certify that I have this 2nd day of February, 2024, served a copy of the foregoing motion upon the Defendant by CM/ECF than will provide notice to defendant's attorney.

        By:    */s/ Barbara D. Kocher*
                 GABRIEL J. DIAZ
                 BARBARA D. KOCHER
                 Assistant United States Attorneys
                 Criminal Division
                 150 Fayetteville Street
                 Suite 2100
                 Raleigh, North Carolina 27601
                 Telephone: 919-856-4500
                 Email: gabriel.diaz@usdoj.gov