IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:20-cr-00167-M-3

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | AMENDED ORDER[1] |
| JORDAN DUNCAN, | |
| Defendant. | |

This matter comes before the court on the Defendant's Renewed Motion for Reasonable Access to Electronic Discovery While Incarcerated [DE 387] and Notice of Waiver of Right to Trial by Jury [DE 388]. Defendant requests a nonjury trial on the pending conspiracy charges and various means to achieve expanded access to electronic discovery. At the status conference on February 22, 2024, the court explained its position with respect to the pending requests after hearing the parties' arguments.

**I. Renewed Motion for Expanded Access to Electronic Discovery [DE 387]**

"The constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts." *Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). "This [also] means that inmates must have a reasonable opportunity to seek and receive the assistance of attorneys." *Id.* The "constitutional right of access to the courts, however, does not include a constitutional right to a personal computer." *United States v. Neff*, 2013 WL 30650, at *6 (N.D. Tex. Jan. 3,

---

[1] Upon the defendant's consent motion, the court has amended this order to specifically include Mr. Russell L. Tarlton (defense counsel's paralegal) as a member of the defendant's defense team.

2013), *aff'd*, 544 F. App'x 274 (5th Cir. 2013) (citing *Lehn v. Hartwig*, 13 F. App'x 389, 392 (7th Cir. 2001) and *Robinson v. Joya*, 2010 WL 1779885, at *3 (E.D.Cal. Apr. 29, 2010)). "Because of 'the problems that arise in the day-to-day operation of a corrections facility,' courts should give prison administrators 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).

Defendant states that his current detention facility does not allow inmates to use defense team computers or peripherals during client meetings. Nor does the facility allow him to meet with members of his defense team through reservation except for up to five hours on Saturdays and Sundays and two hours on Mondays. In light of Defendant's issues with accessing counsel and other members of his defense team for in-person meetings, Defendant shall be relocated to another detention facility that provides greater access than his current facility. Further, the facility to which Defendant will be relocated shall provide maximum in-person access to his defense team, including Mr. Russell L. Tarlton (paralegal), so long as access remains reasonably consistent with the facility's security and administrative policies.

Defendant also states that his defense team lacks sufficient capacity at this time to review all discovery materials and thus requires him to obtain his own laptop using public funds so that he can independently review the materials before trial. Allowing an inmate to possess a laptop presents serious security and administrative risks for the facility housing Defendant. *See, e.g.*, *Neff*, 2013 WL 30650, at *6. Due to this concern, the court proposed and Defendant, through counsel, agreed at the hearing that defense counsel shall furnish to Defendant an audio playing device storing only the jail calls in which he actually participated.

## II. Request for Bench Trial [DE 388]

Under Rule 23(a) of the Federal Rules of Criminal Procedure, "the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Fed. R. Crim. P. 23(a). At the hearing, the government confirmed that it does not consent to the waiver. The trial shall therefore proceed before a jury.

## III. Conclusion

Defendant's request for a nonjury trial [DE 388] is DENIED. Defendant's renewed motion for access to electronic discovery [DE 387] is GRANTED IN PART AND DENIED IN PART as follows. The United States Marshal is DIRECTED to move Defendant to a detention facility approximately within an hour's drive from Raleigh, NC, excluding the Wake County Detention Center. The detention facility to which Defendant will be moved shall provide maximum access to members of his defense team, including Mr. Russell L. Tarlton (paralegal), so long as access remains reasonably consistent with the facility's security and administrative policies. Defense counsel also shall furnish to Defendant an audio playing device storing only the jail calls in which he actually participated. The device shall be used to facilitate Defendant's review of those jail calls. Should Defendant believe his access requires further expansion, Defendant may renew his request for reasonable access.

SO ORDERED this 29th day of February, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE