UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:20-CR-0167-3-M

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | STATUS UPDATE |
| ) | RE: TRIAL DATES |
| JORDAN DUNCAN ) | |
| a/k/a "Soldier" ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, and defendant Duncan through counsel, hereby informs the Court of the current status of this pending matter and provides potential dates for trial.

1. Concerning the report containing classified material: The United States, with full cooperation of all parties involved, was quickly able to retrieve all known copies of the discovery (one large digital report) which contained classified material. The Federal Bureau of Investigation undertook additional efforts to remove the classified information from that discovery and has shipped the newly derived data to North Carolina. Delays have been encountered as the drives used by the defendant contained not only that production of discovery but also had been used by the defendant to store other case-related discovery and things as well; the government has available Production 11 in its entirety to re-produce and defendant's counsel has informed the government yesterday, on March 7, 2024, which items of discovery they need re-produced. Additionally, defendant counsel's office today is providing the government with a 2TB hard drive they purchased to that the requested re-productions

1

of select discovery items can be copied onto the drive.

    2.    Raw data which may contain classified information: As events well-demonstrated, even the best efforts do not guarantee success when trying to remove singly identified documents from a vast number of documents. For this reason, the government will be separately discussing with counsel for defendant and potentially filing a motion requesting that the raw data be kept by the FBI, and arrangements be made by the defense computer forensic expert to perform the analysis they would undertake within the FBI space. At request of the defense, the government will seek access for the defendant himself during this review; if so, an order will be sought allowing removal of defendant from the custody of the U.S. Marshal for that purpose. Defense counsel will request that the court fashion an order that will also give defendant themself access to this FBI space, if defense counsel's forensic expert is unable to put onto a drive, in a searchable/browsable format, a full copy of the sanitized data from defendant's seized WD Easy Store hard drive for defendant to review with the defense team while incarcerated.

    3.    Potential trial dates: As Defendant does not yet have the seized discovery back in his possession, as defendant takes the position that they still have not received all of the discovery they believe they are entitled to under constitutional, rule, and statutory grounds and the defense team does not have the resources (or legal ability due to the protective order) to review some of the more recent discovery productions in the most efficient way possible, as the defense forensic computer expert was not able to move forward on his analysis—an inability the defendant claims is a result of the government's inadvertent production of classified material to a defense team that lacks a security clearance, as the defendant himself is still attempting to review a significant amount of all discovery prior to trial out outlined

Case 7:20-cr-00167-M    Document 415    Filed 03/08/24    Page 2 of 5

by defendant to the court in previous filings and hearings, defendant best forecasts the earliest he would be prepared to try the case is in mid-June, 2024. Defendant asserts their interest as well in a speedy trial and that defendant contends that they initially sought remedies that did not involve a continuance when they continued to encounter preparedness and discovery review hurdles due to pre-trial incarceration coupled with a restrictive protective order on discovery, which were brought to the court's attention in previous filings.

The government notes that trial was set for March 4, 2024 by Order of the Court issued nearly ten months previous to that date. D.E. 292 dated 05/11/2023. The public's interest in a speedy trial is now weighty in this matter. The government is available for trial any days in May but for May 22 – 24, 2024. Defendant's counsel does not have any scheduling or availability issues for trial in May of 2024 other than May 1 – 10, 2024. If the Court determines the defendant's need for delay continues to outweigh the other pertinent interests, the government is unavailable June 6, 7, 14, and 17, and is available only the first two weeks in July; thereafter, witness availability becomes an issue.

Respectfully submitted, this 8th day of March, 2024.

| | |
|---|---|
| MICHAEL F. EASLEY, JR.<br>United States Attorney<br><br>/s/ Barbara D. Kocher<br>BARBARA D. KOCHER<br>Assistant United States Attorney<br>150 Fayetteville St., Suite 2100 Raleigh, North Carolina 27601<br>Telephone: 919-856-4530<br>Email: barb.kocher@usdoj.gov<br>N.C. State Bar No. 16360 | /s/Raymond Tarlton<br>RAYMOND TARLTON<br>Tarlton Law PLLC<br>PO Box 91624<br>Raleigh, North Carolina 27675<br>Telephone: 919-390-1278<br>Email: ray@tarltonfirm.com<br>N.C. Bar No. 38784 |

5