UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:20-CR-0167-M-3

| UNITED STATES OF AMERICA | DEFENDANT DUNCAN'S RESPONSE IN OPPOSITION UNDER THE FIFTH AMENDMENT TO THE GOVERNMENT'S MOTION TO COMPEL HIM TO GIVE INFORMATION |
|---|---|
| v. | |
| JORDAN DUNCAN, *Defendant* | |

The undersigned, on behalf of Defendant Jordan Duncan, responds in opposition to DE 430, i.e. the Government's motion to compel him to tell the Government where and how it can find or locate specific information within the extremely large sets of electronically stored information (ESI) that the Government seized and has marshalled as some of its central evidence against Mr. Duncan.

Mr. Duncan, who stands accused by the Government, cannot be constitutionally compelled to assist the Government this way in prosecuting himself. What the Government demands from Mr. Duncan, under pain of contempt, is a paradigm of testimonial and communicative evidence from the accused. Under the Fifth Amendment's safeguard against self-incrimination, "the privilege protects an accused" from more than "being compelled to testify against himself" but also protects them from being compelled to be a source of or "provide the [prosecution] with evidence of a testimonial or communicative nature." *Schmerber v. California*, 384 U.S. 757, 761, 764 (1966). Testimonial or communicative evidence includes even less than what the Government outright demands here, such as tacit admissions (that could be incriminating) inherent in the act of producing otherwise documentary evidence under compulsion. *See Fisher v. United States*, 425 U.S. 391, 410 (1976) (discussing the Fifth Amendment act of production doctrine).

Rather than eviscerating Fifth Amendment safeguards, the Government—if it wants to use evidence against Mr. Duncan that must be disclosed to the defense under *Brady*, its progeny, and Fed. R. Crim. P. 16—must take the effort to produce the evidence in a manner where it is lawful for the defense to have a copy.[1] Also, to the extent that information in the otherwise tainted Production 11 is helpful to the defense in showing First Amendment issues centering on ideological debate and a lack of an intent to join a criminal conspiracy under the meaning of *Brady*, the Government's tainted attempts to produce Production 11 violates Mr. Duncan's discovery rights. It is incredibly disruptive to trial preparation, especially under constitutional and statutory speedy trial rights, for the uncleared defense team, including Mr. Jordan, to encounter classified information, now two times, in the team's hard drives containing Production 11, forcing the team to divest those drives.[2] By producing classified information to the defense team—where no one is cleared to possess classified information—the Government has not fulfilled its discovery obligations that would give Mr. Duncan a fair trial.

---

[1] It is becoming clear to the defense team that the Government, despite insinuations that it had sanitized hard drives with classified information and having several years to do so, has not undertaken the admittedly laborious effort to look at every file in the device extractions contained in Production 11, otherwise, they would be able to locate clearly marked classified information and remove them.

[2] Counsel for the Government effectively confirmed in an email today to the undersigned that until this Court issues an order compelling Mr. Duncan to reveal requested information (which Mr. Duncan voluntarily will not do and invokes the Fifth Amendment to such a demand from the Government), the Government cannot, or will not, re-produce the non-Production 11 discovery (items C 1 to 4 from Production 1; items A 10916 to 10924 from Production 2; Production 5; item A 11450 from Production 6/8; Production 7; and item C 5 from Production 14) that the defense team recently divested when Mr. Jordan discovered classified information in Production 11 again, on the basis that the Government has put Production 11 again, the production at issue, on the same hard drive with those other discovery items.

Respectfully submitted, this the 4th day of April, 2024.

TARLTON LAW PLLC

/s/ Raymond C. Tarlton
Raymond C. Tarlton
Attorney for Defendant
N.C. State Bar # 38784
ray@tarltonfirm.com

P. O. Box 91624
Raleigh, NC 27675
919-390-1278 (TEL)

*Designation: CJA Appointed*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to Assistant United States Attorney Barbara D. Kocher.

This the 4th day of April, 2024.

/s/ Raymond C. Tarlton
Raymond C. Tarlton